# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:16-CV-00146-GCM

| | |
|---|---|
| JERAMIE BARIDEAUX <br> JONATHAN HARRIS, <br><br> **Plaintiff,** <br><br> v. <br><br> JOHN C. GORROD <br> CITY OF CHARLOTTE <br> MICHAEL R. BODENSTEIN <br> RODNEY MONROE <br> MICHAEL C. WALLIN, <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on its own motion. On December 7, 2016 a telephone conference was held before the Court with both parties present. Defendant had requested discovery for any and all medical records from the 10 years preceding the April 14, 2015 encounter through the present, and Plaintiff claimed an inability to produce these records. On December 8, 2016 the Court entered an order that the Plaintiffs provide these records from the providers or an explanation for why such records cannot be produced. (Doc. No. 18).

On January 4, 2017 Plaintiff entered a Notice of Compliance with the Court Order and attached a Production of Documents List detailing the submission of documents to the Defendants and an explanation of why such records listed within the Order cannot be produced. (Doc. No. 19).

The Court has considered all of the issues raised by the parties for why the records could not be produced. It is the Court's determination that the Plaintiffs' effort was insufficient in attempting to obtain the medical records listed. For example, in the Production of Documents list

the Plaintiffs state that in their attempt to obtain the medical records of Jeramie Barideaux from Cathy Simpson at Catholic Family Charities in Rochester, NY the Plaintiffs sent a records request to the last known address for this provider. Because Cathy Simpson is no longer a provider within that office and she moved without setting up a forwarded address, the subpoena was delivered and returned and Plaintiffs were unable to obtain the medical records.

However, it has come to the Court's attention that through a simple google search of the provider, the office's phone number can be found and when that the number is called and a medical records request inquiry is made the party will be informed of the address to send such requests to for that provider.

The court has a similar concern about an insufficient effort in obtaining many of the records identified in discovery that the Plaintiffs failed to produce. Of the fourteen medical records identified in the Notice of Compliance, Plaintiffs were unable to produce six records from medical providers; not including a seventh records where Plaintiffs only provided a copy of the medical release which is insufficient as Plaintiffs never provided the medical records themselves to the Defendants. Furthermore, the Plaintiffs do not list at all in their Notice of Compliance the medical providers Genesee Mental Health Center or "Westside Heuther Doyle," which were identified medical providers for Jeramie Barideaux in Plaintiff Barideaux's records from Donna Grant. These providers were additionally identified by the Defendants in a correspondence with the Plaintiffs on December 14, 2016.

**IT IS THEREFORE ORDERED** that the Plaintiff provide records from all the providers identified in discovery or a sufficient explanation for why such records cannot be produced by February 9, 2017. If the Plaintiff is unable to provide all records or show sufficient reason for why such records cannot be produced by that date, the Court will consider dismissal of their claims.

**SO ORDERED.**

Signed: January 9, 2017

Graham C. Mullen
United States District Judge